IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED CLERKS OFFICE

2005 APR 22 P 3: 02

DISTRICT COURT
DIST OF SOUTH CAROLINA
FLORENCE S.C.

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, INC., et al., <br><br> Plaintiffs, <br> v. <br><br> J. EDWARD'S GREAT RIBS AND MORE, et al., <br><br> Defendants. | Civil Action No. 4:04-1690-27 |

## CONSENT DECREE AND ORDER

### I. INTRODUCTION

This action was filed by the National Association for the Advancement of Colored People, Inc. ("NAACP"), the Conway Branch of the NAACP, Daryl Curry, Michael Good, Michael Little, Washica Little, Michael Thomas, Michael Taylor, Ursula Kelly, and Marvin Fulton ("plaintiffs") against J. Edward's Great Ribs and More, Fleming's Beef & Chops Restaurant and Lounge, Fleming's Beef & Chops LLC, and J. Edward Fleming ("defendants"). The complaint alleges that J. Edward Fleming, owner and operator of J. Edward's Great Ribs and More ("J. Edward's") and Fleming's Beef & Chops Restaurant and Lounge ("Fleming's") closed the restaurants during the Memorial Day weekend of the Atlantic Beach Bike Festival in Myrtle Beach, South Carolina, an event attended primarily by African Americans. It is alleged that the restaurants regularly remained open during comparable

1



EG    GMC    JEF

events attended mostly by white persons, and that the decision to close the restaurants was motivated by the race of the patrons who might seek to dine at the restaurants. The complaint alleges that this conduct constitutes a violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000a, and the South Carolina Public Accommodations Law, S.C. Code §§ 45-9-10 and 30.

The defendant owner and operator of the restaurants denies the allegation that the decision to close the restaurants was based on race. Rather, the defendant owner contends that the decision was motivated by business considerations and the difficulty in getting staff to work because of the gridlock traffic during the Atlantic Beach Bike Festival weekends at issue.

The Parties entered negotiations in an effort to voluntarily resolve the dispute. Each party recognizes that the ultimate result of this litigation cannot be predicted with certainty and that continuation of the litigation would involve substantial legal fees and costs. Further, the meetings between the parties revealed the existence of shared principles and common goals, notwithstanding the existence of evidence that might support the litigation position of each party.

In these circumstances, the Parties sought to avoid the costs and uncertainties of litigation and to resolve the legal claims voluntarily, and such efforts led to this voluntary resolution of the litigation pursuant to the terms described below.

2

_____ _____ _____
   EG        GMC       JEF

## II. JURISDICTION AND SCOPE OF DECREE

1. J. Edward's and Fleming's are places of public accommodation within the meaning of 42 U.S.C. § 2000a(b)(1). Fleming's has now been closed and thus the provisions of this Consent Decree are directed to J. Edward's. However, in the event that Fleming's or any other restaurant is opened or reopened by defendant owner, the provisions of this Consent Decree will be equally applicable to that restaurant.

2. This Court has personal jurisdiction over defendants for purposes of this action and jurisdiction over this action pursuant to 42 U.S.C. § 2000a-6 and 28 U.S.C. §§ 1331, 1343(a), and 1367.

3. All provisions of this Consent Decree and Order shall apply to defendant owner, his subsidiaries, officers, managers, employees, agents, and assigns. In the event that either restaurant is sold, defendant owner shall provide the new owner(s), prior to the closure of the sale transaction, with a copy of this Consent Decree and Order. Defendant owner shall also provide the name(s), address(es) and telephone number(s) of the new owner(s) to plaintiffs. Any new owner(s) shall not be bound by the terms of this Consent Decree and Order. However, this does not preclude plaintiffs from taking any necessary enforcement action to obtain compliance with appropriate legal standards.

## III. INJUNCTION

4. Defendant owner and his restaurants are permanently enjoined from denying any person on the basis of race or color the full and equal enjoyment of

3

goods, services, facilities, privileges, advantages, and accommodations of the restaurant. This prohibition includes, but is not limited to, basing decisions on issues such as the days or hours in which the restaurant will be open on the race or color of the person(s) who might visit the restaurant during such days or hours.

5. During the term of this Consent Decree and Order, J. Edward's will remain open, with the normal hours of operation, from 3:00 p.m. to 10:00 p.m. daily, for all days of the Atlantic Beach Bike Festival event. Defendant owner is not precluded from changing the normal hours of operation during the term of this Consent Decree and Order, provided that any revised hours of operation must be applied during the Atlantic Beach Bike Festival event to the same extent that it is applied at other times.

6. Defendants will not be in violation of this injunction if it is necessary to close the restaurant because of circumstances beyond the control of the defendants, such as fire, hurricane, civil unrest, national emergency or similar *force majeure*, or by order of any local government authorities. In the event that the plaintiffs challenge a closing as a violation of this injunction, the burden will be on defendants to demonstrate that the closing was necessitated by circumstances beyond their control.

7. Defendants are permanently enjoined to apply objective nondiscriminatory standards in deciding whether J. Edward's or any other restaurant owned and operated by defendant owner will remain open during the period of special events in the Myrtle Beach area. Special events that are attended

4

EG    GMC    JEF

primarily by African Americans shall be evaluated in the same manner as events attended primarily by white persons, and race may play no part in the decision-making process.

### IV. ADVERTISING AND OUTREACH

8. Defendants shall post "Welcome Bikers," or a similar welcome sign, on the marquee in front of J. Edward's during all days of the Atlantic Beach Bike Festival event to encourage and attract attendees of the event to dine at the restaurant.

9. Defendant owner J. Edward Fleming remains concerned that the one-way traffic pattern used on Ocean Boulevard by the City of Myrtle Beach for Atlantic Beach Bike Festival over Memorial Day weekend hinders the operations of his restaurant business and makes it more difficult for his employees to get to work. Nevertheless, defendant owner will use his best efforts to ensure participants of the Atlantic Beach Bike Festival are welcome to dine at his restaurant.

### V. PARKING LOT ATTENDANT

10. Defendants shall have the right to employ a parking lot attendant to control traffic in the parking lot of J. Edward's during busy times of the year. However, defendant owner shall utilize objective, nonracial standards in deciding when to employ such assistance. For example, if Defendant owner decides to employ a parking lot attendant during any days of the Atlantic Beach Bike Festival event, he shall also employ a parking lot attendant during the Harley Davidson Spring Bike Rally or Harley Week festival, attended primarily by white persons.

5

EG    GMC    JEF



11. No parking lot attendant employed during any days of the Atlantic Beach Bike Festival event shall take any actions that are designed to or have the effect of discouraging patrons from dining at the restaurant and / or intimidating patrons. Race may play no part in the decision-making process about whether to employ a parking lot attendant pursuant to paragraph 10 of this Consent Decree and Order.

## VI. COMPLIANCE WITH PUBLIC ACCOMMODATIONS LAWS

12. Defendant owner shall provide instructions to all of the restaurants' managerial employees, and all staff that has contact with patrons, concerning the requirements of, and methods for complying with, federal and South Carolina laws prohibiting discrimination on the basis of race or color in places of public accommodations. Defendant owner shall provide such instructions at least once each year during the period of this Consent Decree and Order. New employees who begin employment shall be provided such instructions upon employment. Defendant owner shall be responsible for ensuring that the restaurants' managerial employees, and all staff that has contact with patrons, do not discriminate on the basis of race or color and comply with federal and South Carolina laws prohibiting discrimination on the basis of race or color in places of public accommodations.

## VII. DISPUTE RESOLUTION

13. In the event that any dispute arises between the Parties regarding an interpretation of or compliance with this Consent Decree and Order, the Parties will make good faith efforts to resolve the dispute voluntarily. If either party

6

———— ———— ————
EG     GMC     JEF



believes that the opposing party has taken action, or failed to take action, that might constitute a violation of this Consent Decree and Order, the party shall notify the opposing party in writing. The notice shall contain a complete description of the alleged violation and the action believed to be necessary to obtain compliance. The opposing party shall be given twenty (20) days to provide a written response. In the event that the matter is not resolved, the parties shall meet and confer, and, if an agreement is not reached, the Parties will engage in mediation in an effort to resolve the issue.

14. If mediation becomes necessary, the Parties will exchange lists that each provide the names of three (3) candidates to serve as mediator, and the parties shall make good faith efforts to agree upon a mediator. In the event that agreement on a mediator is not reached, the Court will appoint a person to serve from the lists presented by the Parties.

15. No matter, other than an emergency motion, may be presented to the Court for resolution, unless and until the Parties have fully exhausted the mediation process without successful resolution. An emergency motion must raise an issue that requires immediate resolution and does not allow time for mediation, such as a compliance issue that must be addressed before an impending Atlantic Beach Bike Festival event.

16. Any party seeking relief from the Court during the term of this Consent Decree and Order must file a certificate describing the steps followed to

7

———  ———  ———
EG     GMC    JEF



obtain a voluntarily resolution and the reasons that the matter must be presented to the Court for resolution.

## VIII. ADDITIONAL PROVISIONS

17. This Consent Decree and Order shall be effective immediately upon its approval by the Court and shall remain in effect for a period of three years and six months from the date that it is approved by the Court. The Court will retain jurisdiction for the purpose of enforcement of the Consent Decree and Order, as well as the separate agreement between the Parties that resolves other issues raised in the litigation.

18. This document may not be amended or modified, except in a writing that is executed by all parties.

19. This Consent Decree and Order and any subsequent amendments may be executed in counterparts.

[SIGNATURES ON NEXT PAGE]

8

_____  _____  _____
   EG         GMC        JEP

WE, THE UNDERSIGNED PARTIES TO THIS CONSENT DECREE AND ORDER, DESIRE TO BE LEGALLY AND PERMANENTLY BOUND TO ALL OF THE TERMS OF THIS AGREEMENT:

IN WITNESS WHEREOF:

Elena Grigera
Counsel for plaintiffs

Signature: _____

Dated: 4/7/05

Gene M. Connell, Jr.
Counsel for defendants

Signature: _____

Dated: 4/13/05

J. Edward Fleming
Individually and on behalf of defendants

Signature: _____

Dated: 4/13/05

It is so ORDERED this 22 day of April, 2005.

_____
R. Bryan Harwell
United States District Judge

9